SALDAMANDO, DEMANDANTE Y APELADA, *v.* VALDECILLA, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en un caso de indemnización de daños y perjuicios por libelo.

No. 1026.—Resuelto en febrero 5, 1914.

COSTAS—HONORARIOS DE ABOGADO—LIBELO.—Los preceptos de la sección 7 de la ley de febrero 19, 1902, sobre indemnización de daños y perjuicios por libelo, relativos a la imposición de costas incluyendo y fijando los honorarios del letrado defensor al dictarse la sentencia, son de carácter especial y no fueron derogados por los preceptos generales del artículo 327 del Código de Enjuiciamiento Civil de 1904, ni por la ley de marzo 12, 1908, enmendando los artículos 327 y 339 del mismo código, debiendo por tanto tener debida observancia.

Los hechos están expresados en la opinión.

Abogados de la apelada: *Sres. M. M. Sama de Atero y Francisco Giménez.*

Abogado de la apelante: *Sr. José A. Poventud.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En el presente caso Luisa Saldamando née de la Fuente, asistida de su legítimo esposo Roque Saldamando Torre, presentó demanda enmendada ante la Corte de Distrito del Distrito Judicial de Ponce con fecha 3 de marzo del año 1913,

contra Luisa Valdecilla née Mongil, asistida de su legítimo esposo Bernardo Valdecilla y Córdova, con súplica de que la demandada fuera condenada a pagar a la demandante la suma de $25,000 en concepto de indemnización de daños y perjuicios causádosle con motivo de los conceptos falsos y difamatorios consignados en una carta injuriosa que la demandada había dirigido a la demandante.

Los hechos fundamentales de la demanda en síntesis pueden reducirse a dos:

*Primero:* que la demandada envió a la demandante una carta escrita de su puño y letra que se transcribe en dicha demanda, cuya carta, que contenía conceptos falsos e injuriosos para la demandante, fué entregada a un tercera persona que se enteró de su contenido.

*Segundo:* que con motivo de los conceptos falsos y difamatorios consignados en la carta, la demandante ha sufrido daños que estima en la suma de $25,000.

La demandada negó los hechos fundamentales de la demanda y alegó además que en la hipótesis de ser ciertos, la carta fué entregada y escrita a la propia demandante que es su prima, bajo sobre cerrado, sin malicia, y como respuesta a otra carta provocadora y despreciativa que la misma demandante le escribiera, habiendo procedido la demandada en defensa de sus intereses y en el curso de una controversia que interesaba a ambas partes.

Celebrado el juicio la corte entre otros hechos estimó probado que la carta originaria del pleito fué entregada por la demandada a una mensajera bajo sobre cerrado y sin dirección escrita alguna, para que la llevara a la casa de la demandante; que la referida carta fué entregada no a la demandante, sino a su esposo Roque Saldamando el cual se enteró de su contenido antes de que la demandante la hubiera leído, siendo responsable de ello la propia demandada; que la carta no tiene el carácter de privilegiada y envuelve conceptos falsos, injuriosos y difamatorios por sí mismos, dirigidos por la demandada a la demandante sin motivo justificable alguno;

que la carta fué publicada por parte de la demandada y que los perjuicios que esa publicación haya podido causar a la demandante son de carácter puramente nominal, por todo lo cual fué declarada con lugar la demanda y condenada Luisa Mongil de Valdecilla a pagar a la demandante Luisa de la Fuente de Saldamando, la suma de $1 y además la de $250 como honorarios de su abogado, y las costas y desembolsos del pleito.

La demandante solicitó la reconsideración de la anterior decisión en la parte relativa a la cuantía de honorarios, solicitando que éstos fueran aumentados hasta la suma de $1,000 a cuya pretensión se opuso la parte demandada, interesando al propio tiempo se dejara sin efecto la condena al pago de honorarios, comprendida en la decisión de que se trata.

La corte resolvió la moción de reconsideración en el sentido de conceder a la parte demandante la suma de $400 como honorarios de su abogado en lugar de $250 que por un error de apreciación había fijado en la decisión reconsiderada, y con fecha 31 de julio dictó nueva sentencia condenando a la demandada a pagar a la demandante la suma de $1 como indemnización de daños y perjuicios de carácter nominal y además $400 como honorarios de su abogado, y las costas y desembolsos del pleito.

Esa sentencia fué apelada por la parte demandada en cuanto al pronunciamiento por el cual se le condena entre otras cosas *al pago de $400 para honorarios del abogado de la demandante, y las costas.*

Aléganse como motivos del recurso, que la corte de Ponce cometió error al dictar el pronunciamiento apelado y en todo caso, al fijar la cuantía de los honorarios en dicho pronunciamiento, y sobre todo al fijar esos honorarios en cantidad mayor de $100, sosteniendo al efecto que la sección 573 de los Estatutos Revisados relativa a honorarios en caso de libelo ha sido derogada por la Ley de marzo 12, 1908, enmendando los artículos 327 y 339 del Código de Enjuiciamiento Civil, que estima aplicable al caso.

La ley para determinar los daños y perjuicios causados por libelo y calumnia fué aprobada en 19 de febrero de 1902, comenzando a regir desde esa fecha, según su sección 11 que es la última de la misma.

Las secciones 7ª. y 10ª. de dicha ley según aparecen en el texto español dicen así:

"Sección 7.—Si el fallo resultare a favor del demandante, incluyendo las costas y honorarios razonables del abogado de la acusación, que se tasarán por el tribunal, o si el fallo fuese a favor del demandado, y si el tribunal decidiere que la acción fué interpuesta por el demandante sin causa justificada, el fallo incluirá además de las costas, los honorarios del abogado, que se tasarán por el tribunal, y no excederán de ciento cincuenta dollars ($150)."

"Sección 10.—Toda ley, parte de ley, orden y parte de orden que se oponga a esta ley, queda por la presente derogada."

Como el texto español de la sección 7ª. que dejamos transcrita es confuso en sus términos, juzgamos conveniente para su más clara inteligencia hacer la versión castellana del texto inglés consignándola como la consignamos a continuación:

"Sección 7.—Si se dictara la sentencia a favor del demandante se incluirán en ésta las costas y los honorarios razonables de abogado que se fijarán por la corte. Si la sentencia se dictara a favor del demandado y estimara la corte que la acción fué iniciada por el demandante sin haber una causa que la justificara, la sentencia incluirá además de las costas, los honorarios de abogados, los que serán fijados por la corte y no excederán de $150."

El procedimiento que regía sobre costas al publicarse la ley de 10 de febrero de 1902 era el estatuído por la Orden General No. 118, aprobada en agosto 16 de 1899, cuya ley en sus secciones 63 y 64 dispone que las costas se impongan siempre a la parte cuyas pretensiones se hubieren totalmente desestimado, resolviendo el tribunal conforme a equidad en los demás casos, y que las costas comprenderán los honorarios de los letrados defensores, los derechos de los procuradores, las indemnizaciones de testigos o peritos, y los gastos de jus-

ticia que cada litigante hubiere hecho por consecuencia necesaria y directa del litigio sostenido.

Para la tasación de costas había de seguir rigiendo el procedimiento establecido por el Título XI del libro 1°. de la Ley de Enjuiciamiento Civil que entonces regía y que en ese particular no fué derogada por la Orden General de que se deja hecho mérito.

La Ley de 19 de febrero de 1902 en su sección 7ª. aceptó el precepto general que a su publicación regía, de que la condena de costas comprendía los honorarios de los letrados defensores y sólo varió la forma de su aplicación y ejecución ordenando que los honorarios se fijaran en la sentencia.

Vino luego el Código de Enjuiciamiento Civil aprobado en 1°. de marzo de 1904, el que comenzó a regir en 1°. de julio del mismo año y estableció un nuevo sistema de procedimiento, cuyo código en el capítulo 6°. del título 13, trata ''de las costas,'' y entre otros artículos contiene el 327 que copiado a la letra dice así:

''Artículo 327.—La cuantía y forma de pago de los honorarios de los abogados y consultores se deja al convenio expreso o tácito de las partes; pero las partes en pleitos o procedimientos tendrán derecho a las costas y a los desembolsos, según más adelante se dispone.''

Los artículos 328 y 330 enumeran los casos en que deben concederse las costas al demandante o al demandado según que uno u otro obtengan fallo a su favor, y entre esos casos figuran los procedimientos especiales, sin que éstos se precisen o determinen. Es de notar que en parte alguna de nuestro Código de Enjuiciamiento Civil, se hace mención de acción civil para reclamar daños y perjuicios causados por libelo y calumnia.

Ahora surge la cuestión de si ese artículo 327 ha derogado o nó la sección 7ª. de la Ley de 19 de febrero de 1902.

El artículo 361 del mismo Código de Enjuiciamiento Civil dice así:

"Toda ley, reales decretos, órdenes, órdenes militares, disposiciones o partes de ellos incompatibles o en conflicto con este código, quedan por la presente derogados."

Como se ve, el artículo 327 del Código de Enjuiciamiento Civil prescribe en términos generales que el pago de honorarios se deja al convenio expreso o tácito de las partes, sin que por tanto éstas puedan ser condenadas en la sentencia o fallo a verificar dicho pago, mientras que la sección 7ª. de la Ley de. 19 de febrero de 1902 ordena por modo imperativo que, en los pleitos de daños y perjuicios por libelo o calumnia, la parte a cuyo favor se dicte sentencia cobre los honorarios de su abogado, incluyéndose éstos en el fallo; pero no encontramos que el precepto general del Código de Enjuiciamiento Civil esté en conflicto con el especial de la Ley de 19 de febrero de 1902 hasta el punto de que no puedan existir conjuntamente, y de que el segundo haya sido derogado por el primero. La intención de derogar no aparece claramente expresada en la ley y la derogación tácita de las leyes no es favorecida por las cortes. Véase el caso de *Ex parte Axtmayer* v. *El Pueblo,* decidido en abril 22 del año próximo pasado.

Y que no existe incompatibilidad entre los dos preceptos de que dejamos hecho mérito lo demuestra el hecho de que el Código de Enjuiciamiento Civil de California, en cuyo artículo 1021 no se incluyen bajo la denominación de costas los honorarios de abogado, contiene en su artículo 418 un precepto si no igual muy parecido al de la sección 7ª. de la Ley de 19 de febrero de 1902, disponiendo que en una acción por libelo o calumnia, cuando se dicte sentencia a favor del demandante, se le concederá la suma de $100 como costas para pago de honorarios de abogado además de las otras costas, y cuando se desestime la acción o se dicte sentencia a favor del demandado, se le concederán $100 para honorarios de abogados en adición a las demás costas. Si en el Código de California existen los dos preceptos, general y especial de que se deja hecho mérito y ambos son de aplicación, sin que pueda decirse

que sean incompatibles o estén en conflicto, bien pudo existir en nuestro Código de Enjuiciamiento Civil de 1904 el artículo 327 ya transcrito, de carácter general, sin derogar la sección 7ª. de la Ley de 19 de febrero de 1902 que contiene un precepto especial.

Como la sección 7ª. de la ley citada no fué derogada por el artículo 327 del Código de Enjuiciamiento Civil, la enmienda de dicho artículo hecha por la Ley de 12 de marzo de 1908 así como tampoco las demás enmiendas que contiene dicha ley, pueden afectar a aquella sección.

La corte inferior al dictar su sentencia de 31 de julio del año próximo pasado condenando a la demandada al pago de las costas y honorarios de abogado de la parte demandante se ajustó al precepto que para ese caso establece la sección 7ª. de la Ley de 19 de febrero de 1902, sin que fuera de aplicación la resolución dictada por esta Corte Suprema en el caso de *Hermida* v. *Márquez,* decidido en 5 de mayo de 1913, que había de regularse por la Ley de marzo 12, 1908 enmendando los artículos 327 y 339 del Código de Enjuiciamiento Civil.

El juez estimó que los honorarios razonables del abogado de la parte demandante debían fijarse en la suma de cuatrocientos dollars ($400), en lo cual obró dentro de sus facultades; y como no se nos ha demostrado que cometiera abuso de discreción, aceptamos dicha suma como razonable, por cuanto la corte inferior que conoció y decidió el caso, se encontraba en mejores condiciones que nosotros para apreciar la extensión, naturaleza y alcance de los servicios profesionales del letrado de la parte demandante.

El caso de *Martínez* v. *Padilla,* decidido en 27 de mayo de 1913, no favorece las pretensiones de la parte apelante, pues según dejamos establecido, el presente tiene que regularse por la Ley de 19 de febrero de 1902 y no le es aplicable la Ley de 12 de marzo de 1908, que enmendó los artículos 327 y 339 del Código de Enjuiciamiento Civil.

Es de confirmarse la sentencia de la corte inferior en la parte en que ha sido apelada.

*Confirmada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.